UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CERES MARINE TERMINALS,
INCORPORATED,
Petitioner,

v.

DANIEL J. KUEBEL; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 00-1579

On Petition for Review of an Order
of the Benefits Review Board.
(99-794)

Submitted: September 29, 2000

Decided: October 13, 2000

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Petition for review denied by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence P. Postol, SEYFARTH, SHAW, FAIRWEATHER & GER-
ALDSON, Washington, D.C., for Petitioner. Michael C. Eisenstein,
Baltimore, Maryland, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ceres Marine Terminals, Incorporated ("Ceres Marine") petitions this court for review of the Department of Labor's Benefits Review Board's decision affirming the administrative law judge's ("ALJ") order awarding disability benefits in favor of Daniel J. Kuebel in this case arising under the Longshore and Harbor Workers' Compensation Act. See 33 U.S.C. §§ 901 to 950 (West 1986 & Supp. 1999). The scope of our review is limited to an examination of the ALJ's ruling to determine if the ALJ's findings are supported by substantial evidence, are rational, and are in accordance with the law. See 33 U.S.C. § 921(b)(3) (1994); Gilchrist v. Newport News Shipbuilding & Dry Dock Co., 135 F.3d 915, 918 (4th Cir. 1998)."Substantial evidence" is "more than a scintilla but less than a preponderance," and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See See v. Washington Metropolitan Area Transit Authority, 36 F.3d 375, 380 (4th Cir. 1994) (internal quotation marks omitted). Furthermore, this Court must defer to the ALJ's credibility determinations and inferences from the evidence, even if more reasonable conclusions might be drawn from the evidence. See id. Finding no error, we deny this petition for review.

Ceres Marine contends that the ALJ erred by finding that it did not sufficiently rebut the Section 20(a) presumption. In addition, Ceres Marine contends that the ALJ did not discuss relevant contradictory evidence.

In relevant part, Section 20(a) reads: "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary -- (a) That the claim comes within the provisions of this chapter." 33 U.S.C. § 920 (1994). In order to invoke the Section 20(a) presumption, a claimant must demonstrate that he sustained a harm and that

2

an incident occurred at his workplace that could have caused the harm. If the claimant establishes the presumption, the burden shifts to the employer to rebut the presumption. In order to rebut the Section 20(a) presumption, an employer must offer "substantial evidence" that an intervening cause was responsible for the harm to the employee. If the employer fails to rebut the presumption, the claimant is entitled to compensation. If the presumption is rebutted, the presumption is removed and the ALJ is directed to consider the entire record. See Universal Maritime Corp. v. Moore, 126 F.3d 256, 262 (4th Cir. 1997).

An employer's evidence offered in support of rebutting the presumption must be "specific and comprehensive" and "sufficient to sever the causal connection between the injury and the employment." Bass v. Broadway Maintenance, 28 B.R.B. S. 11, 15 (1994). Ceres Marine attacked the presumption by arguing that the evidence showed that the work-related accident never occurred. We defer to the ALJ's finding that the accident did occur. There was eye witness testimony and other substantial evidence supporting Kuebel's version of events. Accordingly, we find that there was substantial evidence to support the ALJ's finding that Ceres Marine did not sufficiently rebut the Section 20(a) presumption.

Furthermore, we find that the ALJ fulfilled her duty to discuss evidence supporting her conclusion and to explain the rationale for rejecting contradictory evidence. See See, 36 F.3d at 384. The ALJ's order carefully reviewed the contradictory evidence and provided this court with sufficient discussion and rationale in order to conduct a thorough review.

Accordingly, Ceres Marine's petition for review is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3

M